**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Jamie S. Felsen**
**Direct E-Mail Address:** jamiefelsen@mllaborlaw.com
**Direct Dial: (516) 303-1391**

<u>**Via ECF**</u>

October 23, 2023

Hon. Hector Gonzalez, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, NY 11201

**Re:** **<u>Arvi Clyde Arsenal v. Star Nissan, Inc.,</u>** *et al.*
        **<u>Case No.: 23-cv-06631 (HG)</u>**

Dear Judge Gonzalez,

    This firm represents the Defendants in the above-referenced matter.

    Pursuant to the Court's individual rules, Defendants respectfully request a pre-motion conference regarding their intention to file a motion to dismiss the Complaint on several grounds.

    First, Plaintiff is required to arbitrate his claims pursuant to an arbitration agreement he entered into with Defendants.

    Second, Plaintiff's FLSA claims are barred by the three (3) year statute of limitations under the FLSA. Plaintiff alleges he stopped working for Star Nissan in March 2020, but he did not commence the lawsuit until September 6, 2023. His FLSA claims are therefore time-barred.

    Third, Plaintiff fails to state a minimum wage claim under the FLSA because he alleges that he was paid $12 per hour, which exceeds the $7.25 minimum wage under the FLSA.

    On October 5, 2023, Defendants notified Plaintiff about these bases upon which they intend on moving to dismiss and provided Plaintiff with a copy of the arbitration agreement.[1] On October 17, 2023, Defendants served a notice of motion on Defendants regarding Defendants' anticipated

---

[1] Defendants also provided Plaintiff with payroll records establishing that he worked for Defendants only for a brief period in 2018 during which time he was paid the New York minimum wage rate of $13 per hour and time and one-half of that rate, thereby destroying his NYLL minimum wage and overtime claims. Defendants also provided Plaintiff with a wage notice belying his NYLL §195 claim.

Hon. Hector Gonzalez, U.S.D.J.
United States District Court
Eastern District of New York
October 23, 2023
Page 2 of 2

motion for sanctions under Rule 11. Defendants intend on moving for sanctions upon the expiration of the 21-day safe-harbor period under Rule 11.

Notably, the arbitration agreement contains a provision reducing the statute of limitations, including for NYLL claims, which agreement is enforceable. *See Combs v. Same Day Delivery Inc.*, 2023 U.S. Dist. LEXIS 167954 (S.D.N.Y. Sept. 2023). Plaintiff's NYLL claims are barred by same.

In conclusion, Plaintiff has no viable federal claims (or state claims), and in any event, he is required to arbitrate his claims.

Based on the foregoing, Defendants request a stay of today's deadline to submit a joint proposed discovery schedule

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen

cc:   All Counsel of Record (via ECF)