# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

October 23, 2023

**VIA ECF**
The Honorable Hector Gonzalez, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Arsenal v. Star Nissan Inc. et al*
             **Case No.: 23-cv-6631**

Dear Honorable Judge Gonzalez:

      This law firm represents Plaintiff Arvi Clyde Arsenal, on behalf of himself and others similarly situated in the proposed FLSA Collective Action, (the "Plaintiff") in the above-referenced matter. This letter is submitted jointly with Defendants Star Nissan, Inc., and John Koufukis, Jr. (together, the "Defendants").

      Pursuant to the directives contained in Your Honor's September 7, 2023 Scheduling Order [Dckt. No. 8], the parties hereby submit the following joint letter.

      A copy of Plaintiff's proposed Civil Case Management Plan and Scheduling Order is annexed hereto as Exhibit "A". Defendants do not agree with Plaintiff's proposed Civil Case Management Plan and Scheduling Order. As stated in Defendants' request for a pre-motion conference filed earlier today, Defendants request a stay of discovery pending their anticipated motions.

      **I.    Statement of the Nature of the Case**

      **A. Plaintiff's Position**

      As alleged in the Complaint, Plaintiff was employed as porter and driver at Defendants' car dealership and mechanic service provider known as "Star Nissan", located at 206-02 Northern Blvd., Queens, NY 11361 from approximately February 2018 to, through and including, March 2020.

      From February 2018 to, through and including, March 2020, Arsenal regularly worked six (6) to seven (7) days per week, as follows: Mondays through Saturdays, from approximately 9:00 a.m. to 9:00 p.m. (*i.e.*, approximately 12 hours each day); and Sundays (every other week), from approximately 12:00 p.m. to 7:00 p.m. (*i.e.*, approximately 7 hours each day), for a total period of approximately 72 or 79 hours during each of the weeks, respectively.

      From February 2018 to, through and including, March 2020, Arsenal was paid $12 per hour, for all regular hours worked.

      From February 2018 to, through and including, March 2020, Arsenal was paid $18 per hour, for any overtime hours worked.

The Complaint asserts Seven (7) Causes of Action against Defendant.

FIRST: Unpaid minimum wages under the FLSA;

SECOND: Unpaid overtime wages under the FLSA;

THIRD: Unpaid minimum wages under the NYLL

FOURTH: Unpaid overtime wages under the NYLL;

FIFTH: Failure to provide Wage Notices under the NYLL and Wage Theft Prevention Act;

SIXTH: Failure to provide Wage Statements under the NYLL and Wage Theft Prevention Act; and

SEVENTH: Spread-of-hours pay under the NYLL.

### B. Defendants' Position

Defendants respectfully refer the Court to their request for a premotion conference that they filed today regarding their anticipated motions to dismiss and for sanctions which addresses Defendants' position.

## II. Subject Matter Jurisdiction & Venue

### A. Plaintiff's Position

The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a). This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

### C. Defendants' Position

The Court does not have subject matter jurisdiction as Plaintiff has not asserted any timely federal claim. Moreover, Plaintiff is required to arbitrate all of his claims pursuant to an arbitration agreement.

## III. Anticipated Motions

Plaintiff anticipates the filing of a motion for conditional certification of a collective action.

Defendants anticipate filing motions to dismiss and for sanctions.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

Encl.