UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Arvi Clyde Arsenal, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                                *Plaintiff*,

       - against -

Star Nissan, Inc., and John Koufukis, Jr.,

                                *Defendants*.
-----------------------------------------------------------------X

Case No.: 23-cv-06631

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

Plaintiff Arvi Clyde Arsenal ("Plaintiff" or "Arsenal"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this first amended complaint against Defendants Star Nissan, Inc., (the Corporate Defendant"), and John Koufukis, Jr. (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ARVI CLYDE ARSENAL**

6. Plaintiff was employed as a porter and driver at Defendants' car dealership and mechanic service provider known as "Star Nissan", located at 206-02 Northern Blvd., Queens, NY 11361 from approximately February 2018 to, through and including, March 2020.

7. Plaintiff was employed as a non-managerial employee for Defendants from February 2018 to, through and including, March 2020.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT STAR NISSAN, INC.**

9. Upon information and belief, Defendant Star Nissan, Inc. is a domestic corporation, organized under the laws of the State of New York, and at all relevant times here to, maintained a principal place of business at: 206-02 Northern Blvd., Queens, NY 11361, and alternate addresses at: (i) 290 Elderfields Rd., Manhasset, NY 11030; and (ii) 239 Cleft Rd., Mill

Neck, NY 11765.

10. At all times relevant to this Complaint, Defendant Star Nissan, Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant Star Nissan, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12. At all times relevant to this Complaint, Defendant Star Nissan, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT JOHN KOUFUKIS, JR.**

13. Defendant John Koufukis, Jr. is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

14. Defendant John Koufukis, Jr. is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

15. Defendant John Koufukis, Jr. possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

16. Defendant John Koufukis, Jr. determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

17. At all times relevant to this Complaint, Defendant John Koufukis, Jr. has been and

is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

18. Defendants own, operate and/or control a car dealership and mechanic service provider known as "Star Nissan", located at 206-02 Northern Blvd., Queens, NY 11361.

19. The Individual Defendant possesses operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

23. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

24. Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating the Corporate Defendant for their own benefit as the majority shareholder;

e. operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f. intermingling assets and debts of their own with the Corporate Defendant;

g. diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h. other actions evincing a failure to adhere to the corporate form.

25. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

26. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

27. Plaintiff was an employee of Defendants.

28. Plaintiff was employed as a porter and driver at Star Nissan, Inc. from February 2018 to, through and including, March 2020.

29. Plaintiff's work duties required neither discretion nor independent judgment.

30. From February 2018 to, through and including, March 2020, Arsenal regularly worked six (6) to seven (7) days per week, as follows: Mondays through Saturdays, from approximately 9:00 a.m. to 9:00 p.m. (*i.e.,* approximately 12 hours each day); and Sundays (every other week), from approximately 12:00 p.m. to 7:00 p.m. (*i.e.,* approximately 7 hours each day), for a total period of approximately 72 or 79 hours during each of the weeks, respectively.

31. From February 2018 to, through and including, March 2020, Arsenal was paid $12 per hour, for all regular hours worked.

32. From February 2018 to, through and including, March 2020, Arsenal was paid $18 per hour, for any overtime hours worked.

33. Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times the lawful prevailing regular rate of pay for those hours.

34. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times the lawful prevailing hourly wage rate for hours worked in excess of forty per workweek.

35. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

36. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

37. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

38. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately

reflected his actual hours worked.

39. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

40. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

41. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

42. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff his statutory right to receive true and accurate information about the nature of his employment and related compensation policies.

43. Moreover, the breach of the obligations injured Plaintiff by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages averred above.

44. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

45. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

## 228 DAY TOLLING OF STATUTE OF LIMITATIONS OF CLAIMS

46. On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion

or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020.

47. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020.

48. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020.

49. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020.

50. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020.

51. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020.

52. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020.

53. On October 4, 2020, Governor Cuomo issued a further Executive Order, which extended the tolling period to November 3, 2020.

54. In total, the Executive Orders set forth above provided for a toll of two hundred and twenty eight (228) days after November 3, 2020.

55. As per the above, statute of limitations on claims existing in New York prior to March 20, 2020 were tolled, as opposed to suspended.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but

not limited to porters and drivers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

57. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages and overtime wages. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

58. The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

59. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

60. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

61. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

62. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

63. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

64. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

65. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

66. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

67. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

68. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

69. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

70. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

72. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

73. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

74. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

75. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

76. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

77. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

78. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

79. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

80. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

81. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

82. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

83. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

84. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

85. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

86. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (NYLL- Spread-of-Hours Pay)

87. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

89. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

90. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium minimum wages and overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL;

h. awarding Plaintiff unpaid minimum wages;

i. awarding Plaintiff unpaid overtime wages;

j. awarding Plaintiff unpaid spread-of-hours pay;

k. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

m. awarding Plaintiff pre- and post-judgment interest under the NYLL;

n. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of

  this action; and

o. Such other relief as this Court deems just and proper.

Dated: New York, New York
   November 14, 2023      Respectfully submitted,

                By: /s/ Joshua Levin-Epstein
                  Joshua Levin-Epstein
                  Jason Mizrahi
                  Levin-Epstein & Associates, P.C.
                  60 East 42nd Street, Suite 4700
                  New York, New York 10165
                  Tel: (212) 792-0046
                  Email: Joshua@levinepstein.com
                  *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*