# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Jamie S. Felsen – Partner**
**Direct E-Mail Address: jamie@mmmlaborlaw.com**
**Direct Dial: (516) 303-1391**

December 7, 2023

**VIA E-MAIL**
The Honorable Hector Gonzalez, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** **Arvi Clyde Arsenal v. Star Nissan, Inc.,** *et al.*
**Docket No.: 1-23-cv-06631 (HG)**

Dear Judge Gonzalez:

This firm represents Defendants in the above-referenced matter. For the reasons outlined below, this letter shall serve as Defendants' request that the Court schedule a pre-motion conference with respect to their anticipated Motion for Sanctions against Plaintiff and his counsel pursuant to (i) Rule 11; (ii) 28 U.S.C. § 1927 and/or the (iii) Court's inherent power.

Plaintiff filed the Complaint in the instant action on September 6, 2023 outlining various claims pursuant to the FLSA and NYLL. (ECF Dkt. No. 1).

On October 5, 2023, Defendants sent Plaintiff a detailed email outlining the reasons why the claims lack merit (e.g. Plaintiff was paid at the appropriate wage rates for all hours, the claims are time-barred and arbitration of the claims at issue is required) and attaching relevant documents including (i) an arbitration agreement signed by Plaintiff, (ii) payroll records and (iii) Plaintiff's time of hire wage notice.  Plaintiff did not respond, so on October 12, 2023, Defendants inquired whether Plaintiff would be proceeding with the case.

On October 17, 2023, Defendants served a Rule 11 safe-harbor notice, including a Notice of Motion and email informing Plaintiff that sanctions would be sought for the reasons outlined in the October 5, 2023 email if the Complaint was not withdrawn within 21 days.

On October 23, 2023, Defendants requested a pre-motion conference with respect to their contemplated Motion to Dismiss the Complaint on several grounds (e.g. Plaintiff is required to arbitrate his claims, Plaintiff's claims are time-barred, etc.). (ECF Dkt. No. 13). On October 24, 2023, the Court ordered that Plaintiff "shall file a responsive letter that complies with Section IV.A of the Court's Individual Practices on or before October 31, 2023, which shall address whether Plaintiff believes the complaint can be amended to address the issues raised in Defendant's letter."

On October 31, 2023, Plaintiff filed a letter simply stating, without any reasoning, that he "respectfully believes that the Complaint can be amended to address the issues raised in Defendants' letter." (ECF Dkt. No. 16). Plaintiff was then granted leave to file an amended complaint "that attempts to address the issues raised in Defendants' pre-motion letter regarding Defendants' proposed motion to dismiss." A week later, on November 7, 2023, the Court set a deadline for Defendants to file a pre-motion conference request with respect to their intended motion to compel arbitration.

On November 14, 2023, Defendants filed their renewed request for a pre-motion conference regarding their anticipated Motion to Dismiss based on Plaintiff's written agreement to arbitrate all disputed claims (attaching a copy of the arbitration agreement). (ECF Dkt. No. 18). On the same day, Plaintiff filed the First Amended Complaint ("FAC"), solely adding conclusory allegations as to willfulness and allegations regarding tolling of the statute of limitations for state law claims during the Covid-19 Pandemic. Such amendments are futile because the claims are still time-barred[1] and the FAC was not otherwise amended or corrected to address the issues raised in Defendants' original pre-motion letter, as required by the Court.

On November 15, 2023, the Court then ordered, *inter alia*, that "Plaintiff should file its letter responding to Defendant's premotion conference letter … by November 22, 2023." On the same date, Defendants also served another Rule 11 safe-harbor notice with respect to the FAC. The notice consisted of a Notice of Motion and detailed letter outlining the basis for sanctions. Later that evening, the parties held a telephone call to discuss this matter further. In essence, Plaintiff stated that he objects to enforcement of the arbitration agreement solely on the ground that it includes a clause shortening the time period for him to file claims to 6 months because it impermissibly prevents the "effective vindication" of his rights. When Defendants raised the fact that Plaintiff's FLSA claims were otherwise time-barred because they arose more than 3 years before the Complaint was filed, Plaintiff persisted. Defendants also raised the decision in Combs v. Same Day Delivery Inc., 2023 U.S. Dist. LEXIS 167954 (S.D.N.Y. 2023), where Plaintiff's counsel raised the same argument that was rejected. Plaintiff argues that the Combs court in sum and substance "got it wrong."

On November 22, 2023, Plaintiff filed a letter with the Court. Plaintiff did not address any arguments concerning alternative bases for dismissal of his claims (e.g. timeliness, Article III jurisdiction, etc.), nor did he contest that he actually signed the Arbitration Agreement. Instead, he argued that arbitration could not be completed because the Arbitration Agreement "unlawfully seeks to abridge the limitations period for" his FLSA and NYLL claims to 6 months. The arguments set forth in that letter have no applicability to the case at hand and Plaintiff cites absolutely no caselaw on point to support his position. Critically, he does not even address the fact that his FLSA claims are untimely to begin with based on the regular two (or three, for willfulness) year statute of limitations.

Accordingly, Defendants will be forced to file a Motion to Dismiss the FAC no later than December 14, 2023.

---

[1] Plaintiff alleges that his employment ended in March 2020, outside of the FLSA's statute of limitations. His NYLL claims are otherwise time-barred by a clause in the Arbitration Agreement whereby Plaintiff agreed to a shortened 6-month statute of limitations to file any employment-related claims.

Rule 11 requires that an attorney or party, certify to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that any pleading presented to the court contains claims that contain a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support.  Fed. R. Civ. P. 11(b).  One of the basic purposes of Rule 11 is to "deter baseless filings in the district court . . . ." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). Under Fed. R. Civ. P. 11(c), a district court may impose sanctions on a party or his counsel (or both), for failing to comply with Rule 11(b). In fact, sanctions are appropriate where "it should have been patently obvious to any attorney who had familiarized himself with the law" that his action was frivolous. Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988); see, e.g., Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions, if under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.")." Moreover, where the arguments for asserting claims are made by counsel, the Rule 11 sanctions should be imposed on the lawyer and law firm responsible for making those arguments. See Fed. R. Civ. P. 11(c)(1).[2]

Here, The FAC is subject to dismissal for various reasons as will be outlined in Defendants' Motion to Dismiss. Specifically, Plaintiff's claims are subject to arbitration and/or in the alternative (i) Plaintiff's claims are time-barred, (ii) Plaintiff was provided with a time of hire wage notice, and (iii) Plaintiff lacks Article III standing to pursue claims for violations of NYLL 195 in this Court. It is not even a close call! Yet, Plaintiff persists in advancing meritless arguments as to why the Arbitration Agreement should not be enforced. As evidenced by this conduct, Plaintiff and his counsel either (a) did not conduct a reasonable investigation into the facts and law of the case or worse, (b) knows that the claims should never have been filed in this forum, if at all. Any way you slice it, Plaintiff and his counsel should be sanctioned.

Respectfully submitted,

/s/ Jamie S. Felsen

---

[2] Similarly, under 28 U.S.C. **§** 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under 28 U.S.C. § 1927 are proper only when the attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) quoting State St. Bank v. Inversiones Errazuriz, 374 F.3d 158, 180 (2d Cir. 2004); accord 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 264 (2d Cir. 2015).

In addition, the "Court has the inherent power to do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants." Shangold v. Walt Disney Co., 2006 WL 71672, *4 (S.D.N.Y. Jan. 12, 2006) (Pauley, J.), aff'd 275 Fed. App'x 72 (2d Cir. 2008). This inherent authority includes the power to sanction a party for committing a fraud on the court and other abuses of the judicial process. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44-46, 50 (1991). A fraud on the court occurs where clear and convincing evidence establishes that "a party lie[d] to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process," McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) (Buchwald, J.).

cc: all counsel of record (via ECF)

4