**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**ARVI CLYDE ARSENAL, on behalf of himself**          Case No. 23-CV-06631 (HG)
**and others similarly situated in the proposed**
**FLSA Collective Action,**

                                   **Plaintiff,**

             -against-

**STAR NISSAN INC., and JOHN KOUFAKIS**
**JR.,**

                                   **Defendants.**
----------------------------------------------------------------x


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND COMPEL ARBITRATION


**MILMAN LABUDA LAW GROUP PLLC**

Jamie S. Felsen, Esq.
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ....................................3

A.  **Plaintiff Executed An Arbitration Agreement & Wage Rate Notice Upon Hire**.......3

B.  **The Pleadings**…………………………………………………………………….4

**STANDARD**……………………………………………………………………………….5

A.  **Motion to Dismiss/Compel Arbitration**………………………………………………5

B.  **Motion to Dismiss for Failure to State a Claim**...........................................................7

**ARGUMENT**……………………………………………………………………………9

**POINT I**
**THE ARBITRATION AGREEMENT IS A VALID CONTRACT REQUIRING
ARBITRATION OF THE CLAIMS AND DISMISSAL OF THIS ACTION** ........................9

A.  **The Parties Agreed to Arbitrate**………………………………………………..9

B.  **This Dispute Falls Within the Scope of the Arbitration Agreement**………………..10

C.   **Congress Did Not Intend for FLSA Claims to be Nonarbitrable and As Such, the
Court Need Not Decide Whether to Stay the Balance of the Proceedings Pending
Arbitration**…………………………………………………………………………………11

D.……..The   Court   Should   Dismiss   The   Claims   During   the   Pendency   of   the
Arbitration…………………………………………………………………………....11

**POINT  II**
**PLAINTIFF'S ANTICIPATED ARGUMENTS REGARDING THE SOL REDUCTION
PROVISION IN THE ARBITRATION AGREEMENT LACK ANY MERIT** ...................12

A.  **The Arbitration Agreement is Not Substantively Unconscionable**……………….13

B.  **The Arbitration Agreement is Not Procedurally Unconscionable**………………...15

**POINT III**
**PLAINTIFF'S CLAIMS ARE OTHERWISE SUBJECT TO DISMISSAL** ........................17

A.  **The FAC Is Time-Barred**……………………………………………………………17

B.  **Plaintiff Fails To State A Claim Pursuant to the FLSA**…………………………….19

C.  **Plaintiff's NYLL § 195 Claims Are Otherwise Subject to Dismissal**………………20

D.  **The Court Should Decline Supplemental Jurisdiction Over Plaintiff's NYLL Claims**
…………………………………………………………………………………………21

**CONCLUSION** ....................................................................................................24

i

# TABLE OF AUTHORITIES

<u>Cases</u>

Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (U.S. 2013) .......................................... 6

Am. Express Merchants' Litig., 634 F.3d 187 (2d Cir. 2011)........................................................ 6

Application of Whitehaven S.F., LLC v. Spangler, 2014 WL 4494168......................................... 5

Arakawa v. Japan Network Group, 56 F.Supp.2d 349 (S.D.N.Y.1999)...................................... 10

Arrigo v. Blue Fish Commodities, Inc., 704 F. Supp. 2d 299 (S.D.N.Y. Feb. 4, 2010)............... 11

Ashcroft v. Iqbal, 556 U.S. 662 (2009)........................................................................................... 7

Ass'n of the Bar of the City of N.Y., 286 F.3d 122 (2d Cir. 2002)................................................. 8

AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (U.S. 2011) .................................................... 6

Beletsis v. Credit Suisse First Boston, Corp., 2002 U.S. Dist. LEXIS 16586 (S.D.N.Y. Sept. 4, 2002)............................................................................................................................................... 16

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .......................................................................... 7

Bensadoun v. Jobe-Riat, 316 F.3d 171 (2d Cir. 2003) ................................................................... 5

Benson v. Lehman Bros., Inc., 2005 U.S. Dist. LEXIS 8542 (S.D.N.Y. May 9, 2005)............... 13

Brash v. Richards, 195 A.D.3d 582 (2d Dept. 2021)................................................................... 19

Brower v. Gateway 2000, 246 A.D.2d 246 (1st Dept. 1998) ....................................................... 13

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002)....................................................... 8

Champion Auto Sales, LLC v. Polaris Sales Inc., 943 F.Supp.2d 346 (E.D.N.Y. 2013). ............. 5

Chanchani v. Salomon/Smith Barney, Inc., No. 99 CIV. 9219 (RCC), 2001 WL 204214 (S.D.N.Y. 2001 .............................................................................................................................. 9

Ciago v. Ameriquest Mortgage Co., 295 F. Supp. 2d 324 (S.D.N.Y. 2003) ............................... 11

Combs v. Same Day Delivery Inc., 2023 U.S. Dist. LEXIS 167954 (S.D.N.Y. 2023).......... 14, 18

DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)............................................ 8

Donato v. Serv. Experts, LLC, 2018 U.S. Dist. LEXIS 167511 (N.D.N.Y. 2018) ...................... 22

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002) .......... 7

Everett v. New York City Dep't of Educ., 2022 U.S. Dist. LEXIS 115283 (S.D.N.Y. 2022)...... 18

Fernandez v. Chertoff, 471 F.3d 45 (2d Cir. 2006) ....................................................................... 7

Fixed Income Shares: Series M v. Citibank N.A., 130 F. Supp. 3d 842 (S.D.N.Y. 2015)........... 23

Francisco v. NY Tex. Care, Inc., 2022 U.S. Dist. LEXIS 55633 (E.D.N.Y. 2022) .................... 21

Friedl v. City of New York, 210 F.3d 79 (2d Cir. 2000)................................................................. 8

Garrido v. House of Salads One LLC, 2022 U.S. Dist. LEXIS 58496 (E.D.N.Y. 2022)............. 21

Gonzalez v. Toscorp Inc., 1999 U.S. Dist. LEXIS 12109 (S.D.N.Y. 1999)................................ 12

Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79 (2000) ................................................ 6

Hayden v. Cnty. of Nassau, 180 F.3d 42 (2d Cir. 1999) ................................................................ 8

Italian Colors, 133 S.Ct. 2309 (2013)............................................................................................ 6

Jager v. Bos. Rd. Auto Mall, Inc., 2015 U.S. Dist. LEXIS 5509 (S.D.N.Y. 2015)..................... 23

Jamieson v. United States Postal Serv., 2022 U.S. Dist. LEXIS 2145 (E.D.N.Y. 2022) ............ 18

JLM Indus., Inc. v. Stolt–Nielsen SA, 387 F.3d 163 (2d Cir. 2004) .............................................. 5

Johnson v. Thruway Speedways, Inc., 63 A.D.2d 204 N.Y.S.2d 81 (N.Y. App. Div. 1978)....... 10

Karsaie v. Jumeirah Hospitality & Leisure (USA), Inc., 2013 U.S. Dist. LEXIS 147805 17 (S.D.N.Y. 2013) ...................................................................................................................... 14, 18

Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229 (2d Cir. 2007)............................................ 7

Keller v. About, Inc., 2021 U.S. Dist. LEXIS 86235 (S.D.N.Y. 2021)........................................ 18

Kernes v. Global Structures, LLC, 2016 U.S. Dist. LEXIS 17262, 2016 WL 880199 (S.D.N.Y. 2016) ............................................................................................................................... 19

Klein & Co. Futures v. Bd. of Trade of City of New York, 464 F.3d 255 (2d Cir. 2006) .......... 22

Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118 (2d. Cir. 2006) .................................................. 22

Kouakou v. Fideliscare N.Y., 920 F.Supp.2d 391 (S.D.N.Y. 2012) ................................................ 9

LaVoice v. UBS Fin. Servs., Inc., 11 CIV. 2308 (BSJ) (JLC), 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012 ............................................................................................................................... 6

Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106 (2d Cir. 2013) ............................. 20

Mangiafico v. Blumenthal, 471 F.3d 391 (2d Cir. 2006) ............................................................... 8

Manigault v. Macy's East, LLC., 318 F. App'x 6, (2d Cir. 2009) ................................................. 16

Martin v. SCI Mgmt. L.P., 296 F. Supp. 2d 462 (S.D.N.Y. 2003) ................................................ 11

Mazza Consulting Group v. Canam Steel Corp., 2008 WL 1809313 (E.D.N.Y. Apr. 21, 2008)... 5

McCaddin v. Southeastern Marine Inc., 567 F. Supp. 2d 373 (E.D.N.Y. 2008) ........................... 5

Melgar v. Pie Chatach 1776 LLC ................................................................................................ 23

Metcalf v. Transperfect Translations Int'l, Inc., 2022 U.S. Dist. LEXIS 123301 (S.D.N.Y. 2022) ............................................................................................................................... 21

Metzler v. Harris Corp., No. 00 CIV 5847 (HB), 2001 WL 194911 (S.D.N.Y. Feb. 26, 2001) .. 11

Murphy v. Harris, 210 A.D.3d 410 (1st Dept. 2022) ..................................................................... 19

Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192 (2d Cir. 2013) ........... 20

Nunez v. Citibank, N.A., 08 CIV. 5398 (BSJ), 2009 WL 256107 (S.D.N.Y. 2009)...................... 6

Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117 (2d Cir. 2007) ............................. 7

Raiola v. Union Bank of Switz., LLC, 47 F. Supp. 2d 499 (S.D.N.Y. 1999) ............................... 12

Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010) ............................................................. 6

Reynolds v. de Silva, 2010 WL 743510 (S.D.N.Y. 2010) .............................................................. 6

Romero v. Manhattan & Bronx Surface Transit Operating Auth., 2022 U.S. Dist. LEXIS 36892, (S.D.N.Y. 2022) ............................................................................................................ 18

Scheuer v. Rhodes, 416 U.S. 232 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) ................................... 8

Simel v. JP Morgan Chase, 2007 U.S. Dist. LEXIS 18693 (S.D.N.Y. 2007) ....................... 14, 18

Spinelli v NFL, 903 F,3d 185 (2d Cir. 2018) ............................................................................... 13

State v. Wolowitz, 96 A.D.2d 47 (1983). ..................................................................................... 15

Steele v. L.F. Rothschild & Co., 701 F. Supp. 407 (S.D.N.Y. 1988) ........................................... 11

Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. 2006) ........................................ 10

Sutherland v. Ernst & Young, LLP, 726 F.3d 290 (2d Cir. 2013) .................................................. 6

Thomson–CSF S.A. v. American Arbitration Ass'n, 64 F.3d 773 (2d Cir. 1995) .......................... 9

Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, 27 (S.D.N.Y. 2015) ............................................................................................................................... 10

Wright v. Brae Brun Country Club, Inc., 2009 U.S. Dist. LEXIS 26492 (S.D.N.Y. 2009) ... 14, 18

York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122 (2d Cir. 2002) ................................... 8

Yunda v. SAFI-G, Inc., 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. 2017) ..................................... 13

## **<u>Statutes</u>**

1367(c)(3)) ................................................................................................................ 22

Fed. R. Civ.12(b)(6) ................................................................................................ 1, 8

28 U.S.C. § 1367 ................................................................................................ 22, 23

29 U.S.C. § 206 ........................................................................................................ 20

29 U.S.C. § 207(a) ................................................................................................... 20

29 U.S.C. § 255 ........................................................................................................ 17

9 U.S.C. § 1 ............................................................................................................... 5

9 U.S.C. § 2 ............................................................................................................... 5

Fed. R. Civ. P. 8(a)(2) .............................................................................................. 8

Fed.R.Civ.P. 56 ........................................................................................................ 8

NYLL § 195(1) ...................................................................................................... 2, 21

NYLL § 198(1-b) & (1-d) ......................................................................................... 23

## PRELIMINARY STATEMENT

Defendants, Star Nissan Inc. and John Koufakis ("Defendants"), submit this motion seeking an order (a) dismissing this action in its entirety and compelling Plaintiff, Arvi Clyde Arsenal ("Plaintiff"), to submit his claims to arbitration pursuant to the arbitration agreement he executed at the commencement of his employment with Star Nissan Inc. ("Star Nissan"); or in the alternative (b) dismissing the claims for various other reasons.[1]

The arbitration agreement executed by Plaintiff requires Plaintiff to arbitrate his claims because (a) he agreed to submit all employment-related disputes with Defendants, including the claims at issue in the First Amended Complaint ("FAC"), to arbitration; (b) his claims, which all stem from a failure to pay all wages owed pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), all fall within the scope of the Arbitration Agreement; and (c) Congress did not intend for federal claims brought under the FLSA to be non-arbitrable. Because all of Plaintiff's claims are subject to arbitration, the FAC should be dismissed, in its entirety, and arbitration should be compelled under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and under §§ 2, 3 and 4 of the Federal Arbitration Act ("FAA").

In the alternative, Plaintiff's claims are subject to dismissal for various reasons.

First and foremost, all of Plaintiff's claims are time-barred. That is the case even if he was able to establish that a three (3) year statute of limitations (rather than a two (2) year statute of limitations) applies to his FLSA claims, which he cannot. Indeed, the Complaint was not filed until more than three (3) years after Plaintiff alleges in the Amended Complaint that his employment ended in March 2020. Additionally, with regard to Plaintiff's allegation that the statute of limitations to file claims was tolled during the Covid-19 Pandemic, such a toll only

---

[1] On December 7, 2023, Defendants sought leave to file a Motion for Sanctions with respect to the issues outlined herein. [See Dkt. No. 22].

applies to state law claims and has no effect on the statute of limitations for his FLSA claims. Furthermore, because Plaintiff agreed to file any claims against Defendants within six (6) months from when they arose, his NYLL claims are time-barred.[2]   The New York State Covid-19 Pandemic tolling laws do not save his claim, as he filed the instant action nearly two (2) years after the toll ended (i.e. well after the 6 month period to do so expired).

Second, the FAC fails to sufficiently allege a minimum wage violation under the FLSA because it alleges Plaintiff was paid a regular wage rate of $12 for his first forty (40) hours worked each week which is well above the applicable minimum wage rate of $7.25.  Similarly, the FAC fails to allege an FLSA overtime violation as it alleges that Plaintiff was paid $18 per hour for all of his hours worked in excess of forty (40) each week, which is 1.5 times his $12 regular rate of pay.  Therefore, his FLSA claims must be dismissed.

Third, contrary to his allegation, Plaintiff was provided a time of hire wage notice which satisfies NYLL § 195(1).

Fourth, Plaintiff's NYLL §§ 195(1) and (3) claims for purported failures to issue a time of hire wage notice and accurate paystubs are subject to dismissal because Plaintiff fails to adequately allege an injury sufficient to give rise to Article III standing.

Lastly, the Court should decline supplemental jurisdiction over Plaintiff's NYLL claims if Plaintiff is not compelled to arbitrate because no federal claims will remain upon dismissal of the FLSA claims. Even if the FLSA claims somehow survive (which they cannot), they are predominated by the NYLL claims. Plaintiff should not be permitted to use the meager and meritless FLSA claims as a jurisdictional lynchpin.  Moreover, judicial economy and comity can

---

[2] Defendants do not seek to enforce the agreement to shorten the statute of limitations to file claims with respect to Plaintiff's FLSA claims, which are untimely based on the applicable two (2) or three (3) year statute of limitations.

no longer be achieved if Plaintiff is required to re-file his NYLL § 195 claims in New York State Supreme Court.

Accordingly, the Court should compel Plaintiff to arbitrate his claims and dismiss the FAC.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Plaintiff Executed An Arbitration Agreement & Wage Rate Notice Upon Hire

Plaintiff commenced his employment with Star Nissan on January 16, 2018. (John Koufakis Declaration[3] at ¶ 3). At the commencement of Plaintiff's employment on January 16, 2018, Plaintiff was provided with various employment documents and policies to review and execute. (Id.)  Among the documents that Plaintiff executed that day were Star Nissan's arbitration agreement and a time of hire wage notice. (Id., Exhibits "A" & "B").

The arbitration agreement Plaintiff signed (the "Arbitration Agreement") requires him to arbitrate all claims related to his employment, and explicitly states, in relevant part:

> In consideration of my employment with Star Nissan Inc. …, its promises to arbitrate all employment-related disputes and my receipt of the compensation, pay raises and other benefits paid to me by the Employer, at present and in the future, I agree that any and all controversies, claims, or disputes with any one …. Arising out of, relating to, or resulting from my assignment and or employment with the Employer … shall be subject to binding arbitration under the Federal Arbitration Act and pursuant to New York Law. Disputes which I agree to arbitrate, and hereby agree to waive any right to a trial by jury, including any statutory claims under state or federal law, including, but not limited to, claims arising under …. [the] Fair Labor Standards Act, as amended … New York Labor Law and any other Federal, State and local statutes including but not limited [to] labor and wage statutes …
>
> …
>
> … I agree that the arbitrator shall have the power to decide any motions brought by any party to the arbitration, including … motions to dismiss and demurrers prior to the arbitration hearing.

---

[3] The declaration of John Koufakis, Jr. in support of this motion shall hereinafter be referred to as "Koufakis Dec."

…

> I agree to file any dispute or claim for loss, damages or liability for arbitration within six (6) months from the date of the event that resulted in the loss, injury, damage or liability or the shortest duration permitted under applicable law without regard to any other limitations period set forth by law or statute.

(Id., Exhibit "A").

## B.  **The Pleadings**

On September 6, 2023, Plaintiff commenced the instant action by filing a Complaint asserting the following causes of action: (1) FLSA – Unpaid Minimum Wages; (2) FLSA – Unpaid Overtime Wages; (3) NYLL – Unpaid Minimum Wages; (4) NYLL – Unpaid Overtime Wages; (5) NYLL WTPA – Failure to Provide Wage Notices; (6) Violation of the Wage Statement Provisions of the NYLL; and (7) NYLL – Spread-of-Hours Pay. [See ECF Dkt. No. 1].

On November 11, 2023, Plaintiff filed the FAC alleging the same claims as the original Complaint with the only change being that the FAC contains additional allegations regarding purported willfulness with respect to Defendants' alleged violations of law and allegations regarding the tolling of statute of limitations from March 20, 2020 until November 3, 2020 for claims arising under New York State law during the Covid-19 Pandemic. [See ECF Dkt. No. 19 at ¶¶ 44-55]. In relevant part, Plaintiff alleges the following in the FAC:

- Plaintiff was employed as a porter and driver at Star Nissan from February 2018 through March 2020. [Id. at ¶¶ 6-7, 28].

- Plaintiff worked approximately 72 or 79 hours per week. [Id. at ¶ 30].

- Plaintiff "was paid $12 per hour, for all regular hours worked" and "18 per hour, for any overtime hours worked" [Id. at ¶¶ 31-32].

- Plaintiff was not provided with "a statement of wages, as required by NYLL 195(3)." [Id. at ¶¶ 40, 85].

4

- Plaintiff was not provided with "any notice … of his rate of pay, employer's regular pay day, and such other information as required by NYLL ¶ 195(1)." [Id. at ¶¶ 41, 82]

For the reasons set forth herein, all of Plaintiff's claims must be arbitrated and/or are subjected to dismissal for various reasons.

**STANDARD**

### A. <u>Motion to Dismiss/Compel Arbitration</u>

Courts in this Circuit must determine four (4) issues in the context of a motion to compel arbitration: (1) whether the parties in fact agreed to arbitrate; (2) the scope of the arbitration agreement; (3) if the parties assert federal statutory claims, whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration. See <u>Application of Whitehaven S.F., LLC v. Spangler</u>, 2014 WL 4494168, at *6 (S.D.N.Y. 2014) citing JLM Indus., Inc. v. Stolt–Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004); <u>accord</u> <u>Champion Auto Sales, LLC v. Polaris Sales Inc.</u>, 943 F.Supp.2d 346, 351 (E.D.N.Y. 2013).

The Court must evaluate a motion to compel arbitration pursuant to the FAA, 9 U.S.C. § 4 (2000) under a standard similar to the standard for a summary judgment motion.  <u>See</u> <u>McCaddin v. Southeastern Marine Inc.</u>, 567 F. Supp. 2d 373 (E.D.N.Y. 2008) <u>citing</u> <u>Bensadoun v. Jobe-Riat</u>, 316 F.3d 171, 175 (2d Cir. 2003); <u>see</u> <u>also</u> <u>Mazza Consulting Group v. Canam Steel Corp.</u>, 2008 WL 1809313, at *1 (E.D.N.Y. Apr. 21, 2008).

Pursuant to the FAA, 9 U.S.C. § 1, et seq., this Court's analysis must begin and end with the arbitration agreement and its express provision compelling arbitration of all claims that arise between Plaintiff and Defendants.  See 9 U.S.C. § 2 ("A written provision in any…contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

of any contract."); <u>Am. Express Co. v. Italian Colors Rest.</u>, 133 S. Ct. 2304 (U.S. 2013) (holding that "[t]he text [of the Federal Arbitration Act] reflects the overarching principle that arbitration is a matter of contract"); Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010).

The FAA unequivocally compels courts to "rigorously enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes, and the rules under which arbitration will be conducted."  <u>Italian Colors</u>, 133 S.Ct. at 2309 (2013) (internal quotations and citations omitted); <u>see also</u> <u>Id</u>. at 2308-09, <u>citing</u> <u>AT&T</u> <u>Mobility LLC v. Concepcion</u>, 563 U.S. 333 (U.S. 2011) ("Congress enacted the FAA in response to widespread judicial hostility to arbitration"); <u>Sutherland v. Ernst & Young, LLP</u>, 726 F.3d 290 (2d Cir. 2013) (per curiam) (FLSA/NYLL case citing decision in <u>Italian Colors</u>, <u>supra</u>, and enforcing the arbitration agreement).

The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." <u>Green Tree Fin. Corp.-Alabama v. Randolph</u>, 531 U.S. 79, 91 (2000) (internal citations omitted); <u>see</u> <u>also</u> <u>In re Am. Express Merchants' Litig.</u>, 634 F.3d 187, 191 (2d Cir. 2011) (abrogated on other grounds). "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." <u>LaVoice v. UBS Fin. Servs., Inc.</u>, 2012 WL 124590, at *2 (S.D.N.Y. 2012) <u>quoting</u> <u>Nunez v. Citibank, N.A.</u>, 08 CIV. 5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. 2009) (internal citations omitted).  However, where all of the claims asserted are subject to arbitration, the Court should dismiss rather than stay the case. <u>See</u> <u>Reynolds v. de Silva</u>, 2010 WL 743510, at *8 (S.D.N.Y. 2010)(noting that "[a]ll courts of which we are aware have followed the rule that, [w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings" (internal citations omitted)).

### B. <u>Motion to Dismiss for Failure to State a Claim</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) <u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007) <u>citing</u> <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 87 (2d Cir. 2002), and must "draw all reasonable inferences in favor of the plaintiff." <u>Id.</u> <u>citing</u> <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 51 (2d Cir. 2006).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" <u>Iqbal</u>, 556 U.S. at 678 <u>quoting</u> <u>Twombly</u>, 550 U.S. at 557, and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Port Dock & Stone Corp. v. Oldcastle Ne., Inc.</u>, 507 F.3d 117, 121 (2d Cir. 2007) <u>citing</u> <u>Twombly</u>, 550 U.S. at 555.

A pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation;" mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not suffice. <u>Id.</u> (internal quotations and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> <u>quoting</u> <u>Twombly</u>, 550 U.S. at 556.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

7

'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 quoting Fed. R. Civ. P.

8(a)(2). Thus, on a motion to dismiss for failure to state a claim, "the issue is not whether a plaintiff

will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002) quoting Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a

district court may consider the facts alleged in the complaint, documents attached to the complaint

as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable

L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) citing Chambers v. Time Warner, Inc., 282 F.3d 147,

153 (2d Cir. 2002); Hayden v. Cnty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).  Moreover,

"[w]here a document is not incorporated by reference, the court may never[the]less consider it

where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document

'integral' to the complaint." Id. quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir.

2006).

Lastly, "when matters outside the pleadings are presented in response to a 12(b)(6) motion,

a district court must either exclude the additional material and decide the motion on the complaint

alone or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all

parties the opportunity to present supporting material." Friedl v. City of New York, 210 F.3d 79,

83 (2d Cir. 2000) (internal quotation marks omitted). "Federal courts have complete discretion" in

determining whether to exclude material beyond the pleadings or to convert a motion to

dismiss into a motion for summary judgment. Kouakou v. Fideliscare N.Y., 920 F.Supp.2d 391,

396 (S.D.N.Y. 2012).

# ARGUMENT

## POINT I
## THE ARBITRATION AGREEMENT IS A VALID CONTRACT REQUIRING ARBITRATION OF THE CLAIMS AND DISMISSAL OF THIS ACTION

In his opposition to Defendants' request for a pre-motion conference with respect to their anticipated motion to compel arbitration, Plaintiff did not dispute that he signed the Arbitration Agreement, that the claims asserted fall within the scope of the Arbitration Agreement, and that Congress did not intend for FLSA claims to be non-arbitrable.[4]  Instead, he solely argues that a provision in the Arbitration Agreement that reduces the statute of limitations to six (6) months (the "SOL reduction provision") (i) contains sprawling releases in exchange for no consideration; and (ii) impermissibly shortens the statute of limitations for him to file his FLSA and NYLL claims to six (6) months. [ECF Dkt. No. 21].  These arguments are meritless and do not form a basis to defeat the instant motion.

### A.  The Parties Agreed to Arbitrate

With respect to the first factor – whether the parties in fact agreed to arbitrate – courts employ "ordinary principles of contract and agency" in order to determine whether the parties have agreed to arbitrate.  See Chanchani v. Salomon/Smith Barney, Inc., No. 99 CIV. 9219 (RCC), 2001 WL 204214, at *2 (S.D.N.Y. 2001) citing Thomson–CSF S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776–77 (2d Cir. 1995).  A party generally will be held to a signed contract unless she can demonstrate special circumstances, such as duress or coercion, that contradict her intent to be bound.  Id. citing Arakawa v. Japan Network Group, 56 F.Supp.2d 349, 352 (S.D.N.Y.1999) (applying New York law); Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, 27-28 (S.D.N.Y. 2015) (the party "seeking to avoid arbitration generally bears the burden

---

[4] Notwithstanding, for completeness, Defendants include these arguments below.

of showing the agreement to be inapplicable or invalid"). "[I]t is settled under New York law that "a party will not be excused from his failure to read and understand the contents" of a document. Id. at 28 quoting Johnson v. Thruway Speedways, Inc., 63 A.D.2d 204, 407 N.Y.S.2d 81, 83 (N.Y. App. Div. 1978).  The general rule under New York law is that "a party who executes a contract is considered bound by the terms of that contract."  Id. quoting Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. 2006).

Here, the parties entered into a binding contract which expressly provides that the parties agree to submit all claims and disputes – including the claims that Plaintiff brought in this action – to arbitration and to waive their rights to seek relief concerning such disputes in court.  As discussed *supra*, Plaintiff signed the Arbitration Agreement on January 16, 2018. Plaintiff does not dispute this fact and admitted it in his opposition to Defendant's request for a pre-motion conference. [See ECF Dkt. No. 21].

### B.  This Dispute Falls Within the Scope of the Arbitration Agreement

Plaintiff alleges seven (7) causes of action which all center around unpaid wages and related claims under the FLSA and NYLL arising from his employment at Star Nissan.

The Arbitration Agreement requires the parties to submit to arbitration all employment-related disputes. The Arbitration Agreement specifically identifies claims under the FLSA and NYLL. (Koufakis Dec., Exhibit "A"). Therefore, the claims which Plaintiff asserts herein are required to be arbitrated.

Notably, Courts routinely recognize and enforce parties' agreements to arbitrate claims under the FLSA and NYLL. See Steele v. L.F. Rothschild & Co., 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (compelling arbitration of FLSA claims); Sinnett, 319 F. Supp. 2d at 445 (finding that "[plaintiff] did not waive any of his rights under the FLSA by entering into an arbitration

agreement; rather he has agreed to have those rights adjudicated in an alternative forum than this Court" and therefore "claims brought under the FLSA may be addressed pursuant to an arbitration provision");  see also Metzler v. Harris Corp., No. 00 CIV 5847 (HB), 2001 WL 194911, at *5 (S.D.N.Y. Feb. 26, 2001) (compelling arbitration of claims asserted under NYLL).

Thus, the second and fourth factors weigh in favor of dismissing this action and compelling arbitration.

### C. Congress Did Not Intend for FLSA Claims to be Nonarbitrable and As Such, the Court Need Not Decide Whether to Stay the Balance of the Proceedings Pending Arbitration

As a general principle, "[i]t is well settled that federal statutory claims can be the subject of arbitration, absent a contrary congressional intent." See Reynolds, 2010 WL 743510, at *5 (citations omitted).  "The burden of showing such legislative intent lies with the party opposing arbitration."  Id. (citations omitted).  Courts in this District have repeatedly found FLSA claims to be arbitrable. Id. (citing Arrigo v. Blue Fish Commodities, Inc., 704 F. Supp. 2d 299, 304 (S.D.N.Y. Feb. 4, 2010) (concluding that "Congress did not intend FLSA claims to be non-arbitrable"); Martin v. SCI Mgmt. L.P., 296 F. Supp. 2d 462, 467 (S.D.N.Y. 2003) (finding "no indication" that Congress intended plaintiff's FLSA claim to be nonarbitrable); Ciago v. Ameriquest Mortgage Co., 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003) ("Congress has not evinced an intention to preclude arbitration of FLSA claims."); Steele, 701 F. Supp. at 408 (compelling arbitration of FLSA claims).

### D. The Court Should Dismiss The Claims During the Pendency of the Arbitration

Because Congress did not intend for FLSA claims to be non-arbitrable – as Courts have held – an Order dismissing the FAC is warranted as opposed to staying the balance of the proceedings pending arbitration. See Arrigo v Blue Fish Commodities, Inc., 704 F. Supp. 2d 299,

304-305 (S.D.N.Y. 2010) (holding that "[t]he FAA directs the district court, 'on application of one of the parties,' to enter a stay in a case where the asserted claims are 'referable to arbitration[;]' [h]owever, [a]ll courts of which we are aware have followed the rule that, '[w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings'"); Gonzalez v. Toscorp Inc., 1999 U.S. Dist. LEXIS 12109 (S.D.N.Y. 1999)(granting motion to compel arbitration of employment discrimination claims and dismissing the complaint without prejudice to reinstatement in the event post-arbitral proceedings became necessary); Raiola v. Union Bank of Switz., LLC, 47 F. Supp. 2d 499 (S.D.N.Y. 1999)(granting motion to compel arbitration of employment discrimination claims and dismissing complaint without prejudice to its reinstatement in the event further proceedings were required after arbitration).[5] Accordingly, the FAC should be dismissed in its entirety.

## POINT II
## PLAINTIFF'S ANTICIPATED ARGUMENTS REGARDING THE SOL REDUCTION PROVISION IN THE ARBITRATION AGREEMENT LACK ANY MERIT

Based on Plaintiff's response to Defendants' pre-motion conference request, Plaintiff does not oppose the general premise that he is required to arbitrate his claims. His arguments in opposition to Defendants' request for a pre-motion conference solely relate to the SOL reduction provision contained in the Arbitration Agreement.  Specifically, he argued in his response to the pre-motion conference request that "Defendants have coerced sprawling releases, in exchange for no consideration" and "they did not have had a meaningful opportunity to consult with any attorney, or otherwise meaningfully negotiate for themselves, when they were presented with the

---

[5] To the extent that arbitration is required, but dismissal of the FAC is not warranted, Defendants request that the Court stay the case and compel the parties to arbitrate the claims.

offending statute-of-limitations waiver."  In essence, Plaintiff's arguments invoke the doctrines of substantive and procedural unconscionability.

However, a contract provision may be deemed unenforceable on unconscionability grounds "only where it is <u>both</u> procedurally and substantively unconscionable when made." <u>Spinelli v NFL</u>, 903 F.3d 185 (2d Cir. 2018)(emphasis added); <u>see also</u> <u>Benson v. Lehman Bros., Inc.</u>, 2005 U.S. Dist. LEXIS 8542, *2 (S.D.N.Y. May 9, 2005)("A contract generally is unenforceable by reason of unconscionability only if it was both procedurally and substantively unconscionable when made."). As discussed below, Plaintiff cannot establish that the SOL reduction provision is either procedurally or substantively unconscionable, let alone that it is both.

**A.  <u>The Arbitration Agreement is Not Substantively Unconscionable</u>**

Plaintiff argues that the SOL reduction provision should not be enforced since it prevents the "effective vindication" of his rights. This argument sounds in substantive unconscionability.

Establishing substantive unconscionability entails an examination of the substance of an agreement in order to determine whether the terms unreasonably favor one party. <u>See</u> <u>Brower v. Gateway 2000</u>, 246 A.D.2d 246, 254 (1st Dept. 1998).

However, as courts routinely hold, settlement or waiver of rights under the NYLL are subject to a less stringent standard in comparison to rights asserted under the FLSA. <u>See</u>, <u>e.g.</u> <u>Yunda v. SAFI-G, Inc.</u>, 2017 U.S. Dist. LEXIS 65088, at *2 (S.D.N.Y. 2017) (discussing <u>Cheeks v. Freeport Pancake House, Inc.</u> which requires court approval for FLSA settlements and holding that "… the NYLL settlement agreement does not require judicial approval."); <u>Karsaie v. Jumeirah Hospitality & Leisure (USA), Inc.</u>, 2013 U.S. Dist. LEXIS 147805, 17-18 (S.D.N.Y. 2013) (dismissing FLSA and NYLL claims for failure to state a claim and stating that "courts in this circuit have held that specific contractual provisions may shorten the state-law statute of

limitations")(internal citations omitted); <u>Wright v. Brae Brun Country Club, Inc.</u>, 2009 U.S. Dist. LEXIS 26492, *11 (S.D.N.Y. 2009)(holding that where plaintiff signed a release in an unrelated matter waiving, *inter alia*, FLSA and NYLL claims, plaintiff waived his wage and hour claims under the NYLL, but could not be deemed to have waived his rights under the FLSA)(emphasis added); see also <u>Simel v. JP Morgan Chase</u>, 2007 U.S. Dist. LEXIS 18693 *7-18 (S.D.N.Y. 2007)(holding that unlike the FLSA, the NYLL does "not contain express provisions restricting the private settlement of claims or waiver of statutory rights.").[6]

Moreover, as discussed below, Courts have enforced agreements shortening the statute of limitations to file NYLL claims.  <u>See</u> <u>Combs v. Same Day Delivery Inc.</u>, 2023 U.S. Dist. LEXIS 167954 (S.D.N.Y. 2023)(explicitly holding that the effective vindication doctrine did not apply when denying motion to vacate arbitration award dismissing NYLL claims as untimely based on a provision in the applicable arbitration agreement shortening the statute of limitations to file claims to 6 months). Additionally, in <u>Keller v. About, Inc.</u>, Judge Furman granted a motion to compel arbitration, ruling that an agreement to shorten the statute of limitations of employment-related claims to 6 months was enforceable where plaintiff asserted, *inter alia*, NYLL claims.  2021 U.S. Dist. LEXIS 86235 (S.D.N.Y. May 5, 2021).  Judge Furman reasoned that (a) "New York courts … enforce contract provisions shortening the limitations for bringing *any* claim against a party" where the "shortened statute of limitations … is reasonable and agreed to by contract" and (b) several courts have upheld a 6-month limitations periods as reasonable for employment claims. <u>Id</u>. at *8-9 (citations omitted).

---

[6] Defendants do not seek to shorten the statute of limitations for Plaintiff's FLSA claims which are time-barred under the FLSA statute of limitations period.

Accordingly, Plaintiff's equitable public policy argument, which is not grounded in law, should be rejected.

## B.  The Arbitration Agreement is Not Procedurally Unconscionable

To the extent that Plaintiff is arguing that the SOL reduction provision is procedurally unconscionable, his argument fails because, as discussed *supra*, he has failed to establish substantive unconscionability.  See Spinelli, *supra*; Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, *33-34 (S.D.N.Y. May 6, 2015)("Even assuming *arguendo* that the Plaintiffs could establish that the agreements were procedurally unconscionable, a defense of unconscionability requires both procedural and substantive unconscionability.").

In any event, Plaintiff cannot prove procedural unconscionability.

"The procedural element of unconscionability concerns the contract formation process and the alleged lack of meaningful choice..." State v. Wolowitz, 96 A.D.2d 47, (1983).  To find an agreement procedurally unconscionable, the circumstances surrounding the negotiations must be "shocking".  Ciago v. Ameriquest Mtge. Co., 295 F. Supp. 2d 324 (S.D.N.Y. 2003).

Plaintiff's argument that he was provided no consideration must be rejected out of hand. Indeed, the 1st sentence of the Arbitration Agreements states:

> In consideration of my employment with Star Nissan Inc. …, its promises to arbitrate all employment-related disputes and my receipt of the compensation, pay raises and other benefits paid to me by the Employer, at present and in the future….

Courts routinely hold that employment and/or a mutual promise to arbitrate are on their own adequate consideration.[7]  Therefore, this argument is completely baseless.

---

[7] See, e.g., Stern v. Espeed, Inc., 2006 U.S. Dist. LEXIS 68655, 2006 WL 2741635, at *2 (S.D.N.Y. Sept. 22, 2006) ("In the specific context of post-employment arbitration agreements, several courts in this District have held that continuation of employment alone is sufficient consideration to enforce such an agreement"); see also Gazzola-Kraenzlin v. Westchester Med. Grp., P.C., 10 A.D.3d 700, 702, 782 N.Y.S.2d 115 (2d Dep't 2004) ("Under these circumstances, the plaintiff's continued employment by the defendant until December 31, 2002, constituted good and

Moreover, Plaintiff continued to work after entering into the Arbitration Agreement, thereby manifesting his acceptance of its terms (including the SOL reduction provision). See Manigault v. Macy's East, LLC., 318 F. App'x 6, *7 (2d Cir. 2009) (Summary Order) (holding that employee consented to and was bound by revised terms of employment, including a newly instituted arbitration policy, when she continued to work after receiving notice of the modification); Beletsis v. Credit Suisse First Boston, Corp., 2002 U.S. Dist. LEXIS 16586 *3 (S.D.N.Y. Sept. 4, 2002) (stating that "when an arbitration policy is a condition of employment, . . . an employee 'will be deemed to have accepted' an arbitration agreement when she continues to work after the promulgation of the arbitration policy")(internal citations omitted). Here, Plaintiff cannot have his cake and eat it too (i.e. accept employment with Star Nissan and then argue that employment policies don't apply to him).  Instead, if he did not want to be bound by SOL reduction provision in the Arbitration Agreement, he would have needed to (a) decline the offer of employment and not work for Star Nissan; or (b) quit his employment when he received the Arbitration Agreement containing the SOL reduction provision.  He did neither and instead, he chose to continue to work, thereby accepting the terms and conditions of employment.

Accordingly, discovery is not required because the SOL reduction provision is not procedurally unconscionable.

---

sufficient consideration for the restrictive covenants, notwithstanding the at-will nature of the employment relationship.") (internal citations omitted); Zellner v. Stephen D. Conrad, M.D. P.C., 183 A.D.2d 250, 256, 589 N.Y.S.2d 903 (2d Dep't 1992)("Because in at-will employment the employer has the right to discharge the employee … without cause, and without being subject to inquiry as to his or her motives forbearance of that right is a legal detriment which can stand as consideration for a restrictive covenant.") (internal citations omitted); Marciano v. DCH Auto Grp., 14 F. Supp. 3d 322, 337 (S.D.N.Y. 2014) ("Even if Plaintiff was correct that Defendants did not promise to hire or to consider hiring her in exchange for signing the Arbitration Agreement, the Agreement by itself contains sufficient consideration because, as discussed, it mutually binds both parties to submit claims exclusively to arbitration." (collecting cases).

## POINT III

## PLAINTIFF'S CLAIMS ARE OTHERWISE SUBJECT TO DISMISSAL

Notwithstanding the fact that Plaintiff should be compelled to arbitrate his claims, the FAC is subject to dismissal for numerous reasons.

### A. The FAC Is Time-Barred

#### 1. FLSA Claims

The statute of limitations for FLSA claims is two (2) years, or three (3) years, for willful violations.  See 29 U.S.C. § 255.

Plaintiff's FLSA claims are untimely since he alleges that he stopped working for Star Nissan in March 2020 (FAC ¶ 7), but he did not commence the lawsuit until September 6, 2023 (See ECF Doc. No. 1), which is more than three (3) years after March 2020.  Thus, even if Plaintiff adequately alleged willfulness to establish a three (3) year statute of limitations, which he has not,[8] his FLSA claims are still time-barred.

Notably, the Covid-19 tolling under New York State law does not apply to the FLSA claims.  In fact, courts have routinely ruled that the Covid-19 tolling order only applies to claims brought pursuant to New York State law, not to claims brought pursuant to federal law.  See Everett v. New York City Dep't of Educ., 2022 U.S. Dist. LEXIS 115283, at *5 (S.D.N.Y. 2022)("While this Executive Order tolled the 'procedural laws' of New York, it did not apply to [the plaintiff]'s Title VII claim: New York's 'various executive orders issued throughout the COVID-19 pandemic did not purport to toll time periods prescribed by federal law and they were not justified by any

---

[8] See Fisher v. Hudson Hall LLC, 2023 U.S. Dist. LEXIS 147803, *4-8 (S.D.N.Y. 2023)(dismissing FLSA claim as time-barred pursuant to 2-year statute of limitations where plaintiff did not plausibly allege that defendants willfully violated the FLSA in order to trigger the 3-year statute of limitations where the complaint was "devoid of factual content" apart from vague and generic assertions as to a common policy and practice of editing plaintiff's time sheets because there are no alleged facts that defendants were aware that their actions violated or could violate the FLSA)(internal citations omitted).

limitation of access to the federal courts.'") quoting Romero v. Manhattan & Bronx Surface Transit Operating Auth., 2022 U.S. Dist. LEXIS 36892, at *5 (S.D.N.Y. 2022); Jamieson v. United States Postal Serv., 2022 U.S. Dist. LEXIS 2145, at *2 (E.D.N.Y. 2022) (noting that former Governor Cuomo's executive order could not toll federal claims).

Therefore, Plaintiff's FLSA claims are time-barred under both the two (2) and three (3) year statutes of limitations.

### 2. **NYLL Claims**

Plaintiff's NYLL claims are time-barred because the SOL reduction provision requires claims to be filed within six (6) months. Agreements to reduce the statute of limitations, including for NYLL claims, are enforceable. See Combs v. Same Day Delivery Inc., 2023 U.S. Dist. LEXIS 167954 (S.D.N.Y. 2023)[9]; Karsaie v. Jumeirah Hospitality & Leisure (USA), Inc., 2013 U.S. Dist. LEXIS 147805, 17-18 (S.D.N.Y. 2013); Wright v. Brae Brun Country Club, Inc., 2009 U.S. Dist. LEXIS 26492, *11 (S.D.N.Y. 2009); Simel v. JP Morgan Chase, 2007 U.S. Dist. LEXIS 18693 *7-18 (S.D.N.Y. 2007); Keller v. About, Inc., 2021 U.S. Dist. LEXIS 86235 (S.D.N.Y. 2021). Here, Plaintiff's claims are barred since the complaint was filed several years after he allegedly stopped working for Star Nissan, well outside of the agreed upon six (6) month limitation period contained in the SOL reduction provision.

Moreover, allegations contained in the FAC regarding the tolling of the statutes of limitations during the Covid-19 Pandemic do not save Plaintiff's claims. For claims arising prior to September 20, 2019 (i.e. 6 months prior to the first Covid-19 tolling order), the tolling order has no effect because any such claims were already time-barred as of the date the tolling order went into effect on March 20, 2020. For any claims arising on or after September 20, 2019, the

---

[9] Plaintiff's counsel represented the plaintiffs in Combs.

remaining time on the 6-month statute of limitations again began to run after November 3, 2020. Thus, the claims were fully time-barred as of May 3, 2021, 6 months after the end of the tolling for claims arising under New York State law during the Covid-19 Pandemic.  See Murphy v. Harris, 210 A.D.3d 410, 411-12 (1st Dept. 2022)(holding that the remaining limitations period as of March 20, 2020 tolling date started to run again after November 3, 2020); Brash v. Richards, 195 A.D.3d 582 (2d Dept. 2021)(holding that the Covid-19 toll stopped the "clock" from running during the duration of the toll, but then the limitations clock "then runs as it otherwise normally would" and plaintiff then had the remaining period on the statute of limitations to file an appeal, not an additional 228 days from November 3, 2020).

Accordingly, the NYLL claims should also be dismissed as time-barred.

## B. Plaintiff Fails To State A Claim Pursuant to the FLSA

The FLSA allows recovery for unpaid "straight" time only up to the minimum wage rate. See Kernes v. Global Structures, LLC, 2016 U.S. Dist. LEXIS 17262, 2016 WL 880199, at *3 (S.D.N.Y. 2016).  At all times relevant to this action, the applicable minimum wage rate was $7.25 per hour. See U.S. Dep't of Labor, *History of Federal Minimum Wage Rates Under the Fair Labor Standards Act, 1938-2009*, https://www.dol.gov/agencies/whd/minimum-wage/history/chart (last visited December 13, 2022).

With respect to his minimum wage claim, the FLSA requires that employees be paid at least the federal minimum hourly wage for each hour that they work.  29 U.S.C. § 206.  Here, Plaintiff alleges that he was paid above $7.25 for all hours worked.  See FAC ¶ 31 ("From February 2018 to, through and including, March 2020, Arsenal was paid $12 per hour, for all regular hours worked.").  As such, his FLSA minimum wage claim fails as a matter of law.  See Lundy v.

19

Catholic Health Sys. of Long Island, 711 F.3d 106, 115 (2d Cir. 2013) ("So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse.")

Concerning his FLSA overtime claim, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013) citing 29 U.S.C. § 207(a).  Here, Plaintiff concedes that he was in fact paid in accordance with the law because he was paid at $18 per hour (time and ½ of his $12 per hour regular rate) for all overtime hours worked.  See FAC ¶ 32.  Therefore, he cannot maintain an unpaid FLSA overtime claim.

As such, dismissal of Plaintiff's FLSA claims is warranted.

### C. Plaintiff's NYLL § 195 Claims Are Otherwise Subject to Dismissal

#### 1. Plaintiff Lacks Article III Standing

In the event that Plaintiff defeats a motion to compel arbitration and his claims are not time-barred, which should not be the case, and he somehow survives the motion to dismiss the FLSA claims allowing this Court to retain jurisdiction, he lacks Article III standing with respect to his claims under NYLL §§ 195 (1) & (3) for failure to issue a wage notice and accurate WAGE statements.  Specifically, he cannot proceed with these claims in federal court since he has not alleged any injury caused by the purported violation. See Metcalf v. Transperfect Translations Int'l, Inc., 2022 U.S. Dist. LEXIS 123301 (S.D.N.Y. 2022)(granting motion to dismiss NYLL § 195(3) claim since plaintiffs had no Article III standing to bring such claims where the complaint did "not allege that Plaintiffs even read the wage statements or relied on them in any way, or that the wage statements caused plaintiffs confusion or distress")(internal citations omitted); Francisco v. NY Tex. Care, Inc., 2022 U.S. Dist. LEXIS 55633 (E.D.N.Y. 2022)(denying motion to certify

NYLL §§ 195 (1) & (3) claims because plaintiff did not have standing to bring such claims);
Garrido v. House of Salads One LLC, 2022 U.S. Dist. LEXIS 58496 (E.D.N.Y. 2022)(dismissing
NYLL 195(1) and (3) claims on motion for default judgment since plaintiffs did not set forth that
such violations led to any injury that could be recognized by a federal court)(internal citations
omitted).

Here, in support of his claims under NYLL §§ 195 (1) & (3), Plaintiff solely alleges that
Defendants failed to provide him with the required wage notice and wage statements pursuant to
NYLL § 195(1) and (3). He does not set forth any other allegations related to whether or how the
purported failure to provide him with a wage notice and wage statements caused him to suffer an
injury sufficient to give rise to Article III standing.

### 2. **Plaintiff Was Provided With The Required Wage Notice**

Plaintiff's allegation that he was not provided a wage notice is patently false.  In fact, at
his time of hire, Plaintiff was issued and executed a wage rate notice indicating all information
required by NYLL § 195(1).  As such, this claim has no merit and must be dismissed.

Any way you slice it, Plaintiff's NYLL § 195 claims should be dismissed.

### D. **The Court Should Decline Supplemental Jurisdiction Over Plaintiff's NYLL Claims**

The Court should not exercise supplemental jurisdiction over Plaintiff's remaining NYLL
claims, if any survive this motion.

A district court that has jurisdiction over claims raising federal questions also has discretion
to exercise supplemental jurisdiction over state-law claims that otherwise could not properly be
brought in federal court.  See 28 U.S.C. § 1367; Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118,
122 (2d. Cir. 2006)("[A] district court's discretion is triggered under § 1367(c)(3)).  District courts
"shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  District courts should also "balance the values of judicial economy, convenience, fairness, and comity" in determining whether supplemental jurisdiction is appropriate.  <u>Klein & Co. Futures v. Bd. of Trade of City of New York</u>, 464 F.3d 255, 262 (2d Cir. 2006).

Here, the factors weigh in favor of the court refusing to exercise supplemental jurisdiction over Plaintiff's state law claims.  Critically, "[w]here, as here, a plaintiff's federal claims will be dismissed before trial, a district court should generally decline to exercise supplemental jurisdiction over any state law claims absent exceptional circumstances."  <u>Donato v. Serv. Experts, LLC</u>, 2018 U.S. Dist. LEXIS 167511, at *5 (N.D.N.Y. 2018)(citation and internal quotations omitted).  Here, Plaintiff's FLSA claims are subject to dismissal as explained herein.  Therefore, at this early juncture, the Court should not exercise supplemental jurisdiction over the remaining NYLL claims.

To the extent the FLSA claims somehow survive dismissal, the Court should still decline to exercise supplemental jurisdiction over the NYLL claims since judicial economy and/or comity will no longer exist upon dismissal of Plaintiff's NYLL § 195 claims for lack of Article III standing because if Plaintiff intends on proceeding with those claims, they must be re-filed in New York State Supreme Court.  Plaintiff's remaining NYLL claims for unpaid wages should be adjudicated in state court, especially since full payment of wages is an affirmative defense to NYLL § 195 claims.  <u>See</u> NYLL § 198(1-b) & (1-d).  Thus, litigation of the underlying NYLL claims for unpaid wages should be litigated in the same state court action as the NYLL § 195 claims.

Notwithstanding whether the NYLL § 195 claims are dismissed for lack of Article III standing (which they should be), the Court should still decline to exercise supplemental jurisdiction over all NYLL claims because the FLSA claims are "a federal tail to wag what is in

substance a state dog". <u>Jager v. Bos. Rd. Auto Mall, Inc.</u>, 2015 U.S. Dist. LEXIS 5509, at *5 (S.D.N.Y. 2015). Under 28 U.S.C. § 1367(c)(2), a district court that has supplemental jurisdiction over state law claims may decline to exercise that jurisdiction if "the [state law] claim[s] substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).  The predominance exception should be invoked only "when 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" <u>Jager</u>, 2015 U.S. Dist. LEXIS 5509, at *5 (internal quotations omitted).  The analysis of predominance turns on issues like "proof, ... scope of the issues raised, or ... the comprehensiveness of the remedy sought." <u>Fixed Income Shares: Series M v. Citibank N.A.</u>, 130 F. Supp. 3d 842, 852 (S.D.N.Y. 2015)(internal quotations omitted).

Very recently, the court in <u>Melgar v. Pie Chatach 1776 LLC</u> declined to exercise supplemental jurisdiction over state/city claims related to wage notices/statements, unpaid spread of hours, denial of sick leave and unlawful withholding of tips because they substantially predominated over and had "almost nothing to do with the" FLSA claims for unpaid overtime. 2023 U.S. Dist. LEXIS 62502, at *6 (E.D.N.Y. 2023).  The court explained that "[t]he FLSA [claim] merely appears to be a jurisdictional lynchpin, enabling plaintiff to get his state law claims into federal court" because *inter alia*, (a) the overtime rate is supplied by state, not federal law; (b) the five other state and city claims have no counterparts in the FLSA; and (c) as to "plaintiff's sick leave claim and possibly others, it is not even clear that this Court has any supplemental jurisdiction, as some of the claims may not even be deemed to arise out of the same transaction or occurrence as plaintiff's overtime claim."  Lastly, the court referenced prior

cautions from the Second Circuit to avoid delay in confronting the issue of what to do when "the FLSA serves only as a jurisdictional placeholder." Id. at *7 (internal citations omitted).

Here, the Court should dismiss all NYLL claims as substantially predominating over the Plaintiff's FLSA claims for purported failure to pay the correct state law minimum wage rate. Specifically, litigation of the state-law claims will require significantly more proof, analysis of a larger scope of issues and a far more comprehensive analysis than the FLSA claims. The circumstances are also no different from those in Melgar. Plaintiff uses straight-forward FLSA claims as the federal lynchpin to get his NYLL claims, including those that have no federal counterpart, into federal court. The Court should not countenance such tactics.

Accordingly, the Court should dismiss all non-FLSA claims asserted in this action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the action in its entirety with prejudice, or in the alternative, require the parties to arbitrate and stay this case.

Dated:   Lake Success, New York
        December 14, 2023

                                        /s/ Jamie S. Felsen
                                        Jamie S. Felsen
                                        Attorneys for Defendants
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042
                                        (516) 328-8899