UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARVI CLYDE ARSENAL, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>STAR NISSAN, INC., and JOHN KOUFUKIS, JR.,<br><br>Defendants. | **MEMORANDUM & ORDER**<br>23-CV-06631 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Arvi Clyde Arsenal brings this action against Defendants Star Nissan, Inc., and John Koufukis, Jr., asserting claims for unpaid minimum wages and unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and for unpaid minimum wages, unpaid overtime wages, and unpaid spread of hours wages under New York Labor Law ("NYLL"). ECF No. 1 ¶¶ 48–67, 75–78 (Complaint).  Plaintiff has also alleged that Defendants violated the NYLL by failing to provide him with wage notices at the time of his hiring and whenever his rate of pay changed, and by failing to provide wage statements with each of his paychecks.  *Id.* ¶¶ 68–74.  Plaintiff and Defendants have submitted a proposed settlement of Plaintiff's claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), along with a letter explaining their views on the fairness of the settlement. *See* ECF No. 30 (*Cheeks* Motion).  Plaintiff also submitted additional information regarding the risk of litigating this case in response to the Court's Order to Show Cause.  *See* ECF No. 31 (Plaintiff's Response to Order to Show Cause).  As explained in more detail herein, the Court

(a) approves the settlement agreement granting Plaintiff $4,000.00 and (b) awards attorney's fees and costs in the amount of $1,714.55.

## LEGAL STANDARD

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1] "When presented with a settlement for approval, a district court's options are to[:] (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

*Id.* at 600 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). With respect to attorney's fees, the fees collected by the plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *Fisher*, 948 F.3d at 602–03 (vacating district court order that limited the attorney's fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorney's fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

## **DISCUSSION**

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny. The total settlement amount is $4,000.00  ECF No. 30 at 1. According to the parties' joint letter, Plaintiff's maximum possible recovery would have been $25,444.29. ECF No. 30 at 3. Plaintiff's ultimate recovery therefore represents approximately 15.72% of his estimated maximum recovery for the same claims. ECF No. 30 at 3. Although this percentage is on the lower end of what courts in the Second Circuit tend to approve, the Court finds that the risks the parties faced in litigating this case weigh in favor of approving the settlement. *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement of $6,000 where plaintiff's maximum possible recovery was $29,820.41); *Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-cv-7476, 2023 WL 3993933, at *3 (S.D.N.Y. June 14, 2023) (approving settlement range of 8% to 19% even though these percentages were "lower, as a percentage of [p]laintiffs' alleged damages, than the amounts typically approved by courts in the Second Circuit when evaluating potential agreements resolving FLSA and NYLL claims"). Here, Defendants produced documents in support of their

3

claims that Plaintiff was paid for all hours worked, while Plaintiff has produced no documentation of his hours worked or compensation received.  ECF No. 31 at 1–2.  Additionally, if the case were to proceed, Plaintiff would have had the burden to prove that his FLSA claims should have been equitably tolled as his case was brought more than three years after Defendants' alleged actions occurred.  *Id.*; *see also Hunter v. Next Level Burger Co., Inc.*, No. 23-cv-03483, 2024 WL 686929, at *3 (E.D.N.Y. Feb. 20, 2024) ("The statute of limitations for a FLSA violation is two years, except when the violations are willful, in which case the statute of limitations is extended to three years."); *Mark v. Gawker Media LLC*, No. 13-cv-4347, 2016 WL 1271064, at *3 (S.D.N.Y. Mar. 29, 2016) ("The burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff.").  Further, the parties would need to litigate the enforceability of the signed arbitration agreement and its provisions.  ECF No. 30 at 4–5; ECF No. 31 at 1–2.  Consequently, the factual and legal litigation risks faced by Plaintiff justify the lower settlement percentage.  *See Zorn-Hill v. A2B Taxi LLC*, No. 18-cv-11165, 2020 WL 5578357, at *5 (S.D.N.Y. Sept. 17, 2020) (approving settlement of 12.5% of plaintiff's maximum possible recovery where plaintiff faced major factual and legal litigation risks).

      Moreover, the parties reached this settlement after multiple rounds of arm's-length negotiations where they were represented by experienced counsel.  ECF No. 30 at 2, 5–6.  The release that Plaintiff is giving to Defendant is not overly broad because it is limited to "wage and hour claims" pursuant to the FLSA, NYLL, and related regulations promulgated by the NYS Commissioner of Labor.  ECF No. 30-1 ¶ 2.  The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiff's ability to work in the future.  *Id.* at 2–6.

With respect to attorney's fees, Plaintiff's attorneys seek an award of fees in the amount of $1,142.55 and award of costs of $572.00 for costs incurred in filing fees ($402.00) and effecting service of process ($170.00), for a total of $1,714.55 in attorney's fees and costs. ECF No. 30 at 6–7. The Court evaluates the attorney's fees as a percentage of Plaintiff's settlement net of costs. *See Montalvo v. Arkar Inc.*, No. 17-cv-6693, 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) ("when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net of costs). Plaintiff's counsel is seeking a fee that is 28.6% of the settlement, net of costs. Although attorney's fees need not be limited to 33% of the settlement, *see Fisher*, 948 F.3d at 602–03, courts in this Circuit routinely approve settlements that provide attorneys one-third of the settlement fund in FLSA cases. *Escobar v. Variedades Belen Corp.*, No. 23-cv-04849, 2024 WL 1259367, at *5 (E.D.N.Y. Mar. 25, 2024) (collecting cases approving attorney's fees amounting to one-third of the FLSA settlement). Therefore, Plaintiff's counsel proposed attorney's fees are reasonable under the percentage method.

The proposed attorney's fees are also reasonable under the lodestar cross check. Plaintiff's counsel proposes an hourly rate of $450 for counsel Joshua D. Levin-Epstein and $350 for counsel Eunon Jason Mizrahi. ECF No. 30 at 6. Plaintiff's lodestar amount is $12,349.50, multiplying the hourly rates with the total number of hours spent on this case, a total of 33.65 hours. ECF No. 30-2. The lodestar multiplier in this case is therefore .09. Given that courts "regularly award lodestar multipliers from two to six times lodestar," *Escobar*, 2024 WL 1259367, at *6, the Court finds the $1,142.55 fee reasonable under a lodestar cross-check.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve their proposed settlement of Plaintiff's claims, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  *See* ECF No. 30.

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
        April 8, 2024